IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-68,701-03




EX PARTE TERRELL PERRY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 04F0090-202-B IN THE 202ND JUDICIAL DISTRICT COURT
FROM BOWIE COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. Perry v.
State, No. 06-06-00179-CR (Tex. App. – Texarkana, October 5, 2007, no pet.). Applicant’s first writ
of habeas corpus was dismissed by this Court at Applicant’s request, and was not decided on its
merits.
            Applicant contends, inter alia, that his trial counsel, who also represented him on direct
appeal, rendered ineffective assistance because counsel failed to call a vital defense witness, and
failed to preserve errors by making contemporaneous objections at trial. Applicant also alleges that
counsel raised issues on direct appeal which had not been preserved, and refused to raise other issues
requested by Applicant. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a copy of the trial record and
transcript in this case. The trial court shall then make findings of fact as to whether counsel
interviewed or subpoenaed Cornelius Coleman to testify at Applicant’s trial, and if not, why not. 
The trial court shall make findings as to why counsel did not object to the rulings of the trial court
regarding limitations on cross-examination of witnesses on Confrontation Clause grounds, but raised
such claims as error on direct appeal. The trial court shall make findings as to whether the
performance of Applicant’s trial and appellate attorney was deficient and, if so, whether counsel’s
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 12, 2010
Do not publish